## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHNNY SELDERS,** | ) | |
| **#S02401,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18−cv–829−JPG** |
| **vs.** | ) | |
| | ) | |
| **DR. SANTOS,** | ) | |
| **DR. SHAH,** | ) | |
| **DR. GARCIA, and** | ) | |
| **DR. BUTALID,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Johnny Selders, an inmate in Lincoln Correctional Center, brings this action

pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred

at Centralia Correctional Center ("Centralia").  In his Complaint, Plaintiff claims the defendants

have been deliberately indifferent to his serious medical needs in violation of the Eighth

Amendment.  (Doc. 1).  This case is now before the Court for a preliminary review of the

Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations: on May 4, 2016, while Plaintiff was incarcerated at Centralia, he injured his left knee playing basketball. (Doc. 1, p. 5). He was admitted to the health care unit ("HCU") and remained there from May 4, 2016 to May 18, 2016. *Id.* During this time, his left leg would not bend, he could not walk, his left knee was swollen, and he was in excruciating pain. *Id.* He was seen by Defendants Santos, Shah, Garcia, and Butalid. *Id.* On May 7, 2016, X-rays were taken of Plaintiff's left knee. *Id.* Santos, Shah, Garcia, and Butalid all told him on several occasions that the X-rays were normal and that he had only suffered a sprain. *Id.*

Plaintiff was discharged from the HCU by Santos on May 18, 2016, despite his constant complaints and concerns regarding the condition of his knee. *Id.* Plaintiff was transferred to Lincoln Correctional Center on September 28, 2016, where he was told that he may have

suffered a meniscal injury to his left knee. *Id.* Plaintiff was taken to Abraham Lincoln Memorial Hospital on December 21, 2016 for a physical therapy evaluation, where he was diagnosed with chronic left knee pain and muscle atrophy with decreased range of motion. *Id.* Plaintiff also received an MRI, which showed a longitudinal tear in Plaintiff's lateral meniscus and a chronic rupture of his anterior cruciate ligament ("ACL"). *Id.*

Plaintiff's quality of life had significantly changed since his injury, due in part, he believes, to Santos, Shah, Garcia, and Butalid's indifference to his serious medical needs. *Id.* Plaintiff seeks to have his medical needs addressed and to be granted lifetime physical therapy for his left leg. (Doc. 1, p. 6). He also seeks monetary damages from the defendants. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical needs involving his knee injury in violation of the Eighth Amendment.

As discussed in more detail below, Count 1 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

*see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff has satisfied the first prong of the test. With respect to the second prong, "a prison official must have a sufficiently culpable state of mind," one that amounts to "deliberate indifference to inmate health or safety." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (citations omitted). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff's allegations fall short of sufficiently alleging deliberate indifference on the part of Shah, Garcia, and Butalid. He claims that these doctors each saw him and that they told him that he had a sprain and that his X-rays were normal. These allegations, without more, do not indicate Shah, Garcia, or Butalid acted with a sufficiently culpable state of mind in their treatment of Plaintiff's injuries. At most, the alleged facts suggest Shah, Garcia, and Butalid may have instead been negligent.

In contrast, Plaintiff has stated a deliberate indifference claim against Santos. Plaintiff claims that Santos discharged him from the HCU despite his complaints about his knee. A grievance attached to the Complaint elaborates on the circumstances surrounding this discharge,

indicating that Santos was aware that Plaintiff was barely capable of walking without crutches and that Santos informed him that he would not be able to use crutches once discharged. (Doc. 1-2, p. 74). The grievance also indicates that Plaintiff was given only three days of pain medication and was not given a knee brace when he was discharged by Santos, despite the fact that he would not be able to use crutches. *Id.* These allegations suggest deliberate indifference on the part of Santos.

For the foregoing reasons, Count 1 shall receive further review against Santos and will be dismissed without prejudice as against Shah, Garcia, and Butalid.

## Pending Motion

Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **REFERRED** to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **SANTOS** and is **DISMISSED** without prejudice as against **SHAH**, **GARCIA**, and **BUTALID**.

**IT IS FURTHER ORDERED** that **SHAH**, **GARCIA**, and **BUTALID** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall

take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Santos is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 27, 2018**

s/J. Phil Gilbert
**United States District Judge**
